UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KARLOS HARRIS, <br><br> Plaintiff, <br><br> v. <br><br> CARVANA, LLC, BRIDGECREST ACCEPTANCE CORPORATION, SILVERROCK, INC., DRIVETIME AUTOMOTIVE GROUP, INC, <br><br> Defendants. | Case No. 25-11990 <br> Honorable Laurie J. Michelson <br> Chief Mag. Judge David R. Grand |

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [2] AND MOTION TO STAY ARBITRATION [16]**

Karlos Harris believes he was wronged in numerous ways in the purchase and financing of an allegedly defective 2017 Cadillac Escalade. After he sued the Defendants in state court they removed the case to federal court. (ECF No. 1.) Harris now asks the Court to send it back to state court. (ECF No. 2.)

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also* 28 U.S.C. § 1441(a). "Original subject-matter jurisdiction comes in two main forms: federal-question jurisdiction and diversity jurisdiction. The former requires a cause of action 'arising under' federal law. The latter requires diverse parties and a claim for over $75,000." *Clarke v. Pollan*, No. 24-3548, 2024 U.S. App. LEXIS 30289, at *5 (6th Cir. Nov. 27, 2024).

By Harris' own admission, he "initiated this action on June 2, 2025, in Wayne County Circuit Court, raising both federal and state claims related to the purchase and repossession of a 2017 Cadillac Escalade." (ECF No. 2, PageID.237.) As Defendants flesh out, "Plaintiff's Complaint asserts claims under four federal statutes—the Truth in Lending Act ("TILA"), the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Fair Credit Reporting Act ("FCRA"), and the Magnuson-Moss Warranty Act ("MMWA")—and state law claims for unjust enrichment, violation of the Michigan Consumer Protection Act, violation of the Michigan Retail Installment Sales Act, fraud, and allegedly deceptive practices. Each of these claims arises out of and relates to Plaintiff's purchase and financing of a used 2017 Cadillac Escalade (the "Vehicle") from Carvana." (ECF No. 13, PageID.347.) Thus, there is no question that this Court has subject-matter jurisdiction and that remand of the entire case is not warranted.

Alternatively, and recognizing the Court's federal question jurisdiction, Harris wants the Court to decline to exercise supplemental jurisdiction over his state law claims and remand them to state court. Harris believes the state law claims substantially predominate over the federal law claims. (ECF No. 2.) The Defendants disagree. They contend that "Plaintiff's Federal and State Law Claims not only arise from the same transaction, but they also relate to the same three, narrow issues: (1) the Vehicle, including its condition; (2) Plaintiff's finance of the Vehicle, including any alleged securitization of Plaintiff's Retail Installment Contract (the "Contract"), and (3) the exchange or return of the Vehicle." (ECF No. 13, PageID.350.)

2

As a threshold matter, it is unclear whether supplemental jurisdiction even applies here. Plaintiff's complaint, although far from adequate as to pleading the citizenship of the corporate defendants, *see Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009), *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014), suggests that this Court has diversity jurisdiction as well as federal question jurisdiction. If so, remand of the state claims is not appropriate.

If the Court does not have diversity jurisdiction, it may decline to exercise supplemental jurisdiction over the state law claims if the state claims "substantially predominate" over the federal claims, 28 U.S.C. § 1367(c)(2), or if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction," *id.* at § 1367(c)(4). *See Brown v. Scaglione*, No. 20-10192, 2020 WL 674291, at *2–4 (E.D. Mich. Feb. 11, 2020) (declining supplemental jurisdiction under § 1367(c)(2), given "the need to introduce evidence inapplicable to the evidence relevant to the federal claims, the presence of disparate legal theories on both claims and defenses, and the need to create expanded and contradictory jury instructions," *id.* at *2, and under § 1367(c)(4), given "the disparity between the state and federal claims, namely the differences in state and federal law regarding immunity and recoverable damages," "the likelihood of . . . judicial inefficiency, substantial inconvenience to the parties," and "the potential for confusion about the issues, legal theories, defenses, and possible relief," *id.* at *4); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 727 (1966) (noting that the likelihood of jury confusion is an appropriate factor to consider in declining supplemental jurisdiction). "Although there is no definitive test

3

for determining whether state law claims predominate over federal law claims" under 28 U.S.C. § 1367(c)(2), "courts have considered such factors as . . . whether the claims are distinct; and whether [the] state law claims involve proof that is not needed to establish the federal law claims." *Commodities Exp. Co. v. City of Detroit*, No. 09-11060, 2010 WL 3905482, at *16 (E.D. Mich. Sept. 30, 2010) (alteration in original)). And "[f]or the purposes of § 1367(c)(4), compelling reasons 'should be those that lead a court to conclude that declining jurisdiction best accommodates the values of economy, convenience, fairness, and comity.'" *Brown*, 2020 WL 674291, at *2.

The parties appear to agree that both the state and federal law claims here arise out of a shared transaction and involve the purchase and financing of the 2017 Escalade. According to Harris, however,

> Plaintiff's state law claims—encompassing fraud in the factum, unjust enrichment, MCPA violations, and breaches of Michigan's Uniform Commercial Code (MCL 440.9610, 440.9623)—demand comprehensive proof of Defendants' misrepresentations regarding the contract's nature (securitized note versus retail installment loan), coercive repossession tactics (including the $3,726 payment extracted under duress), and Michigan-specific remedies such as replevin damages (MCL 600.2920) In contrast, Plaintiff's federal claims (TILA, FCRA, MMWA, RICO) hinge on narrower issues of statutory disclosures, credit reporting violations, and warranty enforcement, requiring less extensive evidence (e.g., loan disclosure documents versus detailed securitization records and repossession communications). This disparity in scope and proof renders state claims predominant, as they involve unique Michigan law elements and remedies not implicated by federal claims.

(ECF No. 14, PageID.373–374.) But this is an acknowledgment of some overlap. And the complaint also reveals some factual overlap between the claims. At this stage of the litigation, the Court is not able to say the differences in proof or any other

circumstances outweigh the inefficiencies of duplicate proceedings in different jurisdictions.[1]

Harris has also filed a motion to stay arbitration. (ECF No. 16.) But the Court has not yet ruled on Defendants' pending motion to compel arbitration (ECF No. 3) and so there is nothing to stay. If Harris believes arbitration is inappropriate, he should make his arguments in his opposition to the motion to compel.

Thus, for these reasons, Harris' motion to remand (ECF No. 2) and motion to stay arbitration (ECF No. 16) are DENIED.

SO ORDERED.

Dated: August 21, 2025

                          s/Laurie J. Michelson
                          LAURIE J. MICHELSON
                          United States District Judge

---

[1] Additionally, if the Court lacks diversity jurisdiction over the state law claims and Harris would like these claims to proceed in state court, he has another option. Recently, the Supreme Court held that "[w]hen a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says. If (as here) the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves. With the loss of federal-question jurisdiction, the court loses as well its supplemental jurisdiction over the state claims." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025). If Harris wishes to have a lawsuit in state court focused on his state law claims, and the parties are not diverse, he can amend the current complaint accordingly.