UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KARLOS HARRIS,<br><br>    Plaintiff,<br><br>v.<br><br>CARVANA, LLC, BRIDGECREST ACCEPTANCE CORPORATION, SILVERROCK, INC., DRIVETIME AUTOMOTIVE GROUP, INC,<br><br>    Defendants. | Case No. 25-11990<br>Honorable Laurie J. Michelson<br>Chief Mag. Judge David R. Grand |

**ORDER DENYING PLAINTIFF'S EMERGENCY, EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER [20]**

Karlos Harris believes he was wronged in numerous ways in the purchase and financing of an allegedly defective 2017 Cadillac Escalade. (ECF No. 1, PageID.20.) According to Harris, not only was the car defective, but there was also an "undisclosed securitization" in the purchase contract. (*Id.*) As such, he filed a complaint against Carvana, LLC and other entities allegedly involved in the sale (*id.* at PageID.23), claiming "fraudulent misrepresentation, unauthorized use of Plaintiff's identity, deceptive practices, and breach of warranty[.]" (*Id.* at PageID.20) He seeks declaratory judgment, recission of the contract, injunctive relief, and damages. (*Id.* at PageID.34–35.)

Now Harris files this emergency ex parte motion for a temporary restraining order, alleging that his vehicle "was wrongfully repossessed by Defendants' agents at 3:54 a.m. EDT this morning, October 2, 2025[.]" (ECF No. 20, PageID.501.) He asks

this Court to "(1) compel the immediate return of [his] 2017 Cadillac Escalade ESV (VIN: 1 GYS4JKJ9HR 191105)" and "(2) enjoin Defendants from selling, transferring, or otherwise disposing of the vehicle." (*Id.*) He claims that "[w]ithout an immediate court order, the vehicle will likely be sold, rendering Plaintiff's loss permanent and his claims for possession moot." (*Id.*) Harris also confirms that he did not serve or otherwise notify Defendants of the motion, explaining that "[n]otice to Defendants would create a risk that they would accelerate the sale or move the vehicle to another jurisdiction to frustrate a court order." (*Id.*)

Federal Rule of Civil Procedure 65(b)(1) says that a Court may issue a temporary restraining order without notice to the adverse party only if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Harris has provided neither the relevant facts nor the required certification to meet this high bar. (*See generally* ECF No. 20.) As mentioned, Harris' motion provides one sentence in support of his request for *ex parte* relief: that "[n]otice to defendants would create a risk that they would accelerate the sale or move the vehicle to another jurisdiction to frustrate a court order." (*Id.* at PageID.501.) But he gives the Court no reason to believe that Defendants, who have been represented by counsel since July 1, 2025 (ECF No. 1), would engage in such nefarious conduct. And, in fact, giving them notice

2

of the relief being sought, could make it more likely they would refrain from such conduct.

Nor would it be difficult for Harris to provide notice here. This case has been pending for months, and there is identifiable counsel to contact (*see e.g.* ECF No. 15, PageID.383 (listing contact information for defense counsel, Erik D. Lang).)

Accordingly, the Court DENIES Harris' emergency ex parte motion for a temporary restraining order (ECF No. 20). *See Moore v. U.S. Ctr. For SafeSport*, 685 F. Supp. 3d 490, 495 (E.D. Mich. 2023) (denying motion for temporary restraining order and explaining that such motions "must be denied" if Federal Rule of Civil procedure 65(b)(1)(B) has not been satisfied) (collecting cases).

While Harris decides whether to pursue relief after providing notice and an opportunity to be heard or submits a filing that complies with Federal Rule of Civil Procedure 65(b), the Court trusts that Defendants will maintain possession of the vehicle and keep it intact.

SO ORDERED.

Dated: October 2, 2025

                                                s/Laurie J. Michelson
                                                LAURIE J. MICHELSON
                                                UNITED STATES DISTRICT JUDGE